# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

|  |  |  |
|---|---|---|
| **Kenneth Mason,** | **)** | |
| | **)** | |
| **Plaintiff;** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 1:26-cv-00078-CCE-JLW** |
| | **)** | |
| **Credit One Bank, N.A., and** | **)** | |
| **Equifax Information Services, LLC,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

Defendant, Credit One Bank, N.A. ("Credit One"), submits this Memorandum in Support of its Motion to Compel Arbitration and to Stay Proceedings. As set forth below, plaintiff's claims are subject to a binding arbitration agreement, and Credit One requests the Court enter an Order compelling plaintiff to pursue his claims in arbitration and to stay this matter until the arbitration is completed.

### INTRODUCTION

This lawsuit arises from a dispute between Plaintiff and Credit One relating to a credit card fee. On March 12, 2025, plaintiff applied for and obtained a Credit One credit card. In obtaining this credit card, plaintiff agreed to resolve any and all claims against Credit One through arbitration. Plaintiff activated the card on March 23, 2025 and on or about March 25, 2025, plaintiff presented the card for payment of a restaurant bill. Credit

1

One denied the charge due to an internal fraud/risk alert on the account. Plaintiff called Credit One on March 25, 2025, inquiring as to why the charge was declined. The Credit One representative advised that Credit One needed additional identification information to remove the block. Plaintiff refused to provide the additional information, electing instead to cancel the card. Credit One accommodated his request and the card was cancelled.

Subsequently, a dispute arose over the $95 annual fee charge. Plaintiff maintains that Credit One agreed to waive this fee in light of the cancellation. The dispute persisted, and Credit One ultimately furnished information regarding the account to consumer reporting agencies, leading to the FCRA claim presently before the Court.

As there is a binding arbitration agreement between the parties, jurisdiction and venue are properly in an arbitration forum.[1]

## MATERIAL FACTS

1. On March 12, 2025, plaintiff completed an application online and opened a credit card account through Credit One's website. *See* Michael Wiese Declaration (**Exhibit A**), ¶ 5 and **Exhibit A-1** (Application).

2. The terms of the application for the credit card were provided to plaintiff in the credit offer sent to plaintiff before he applied. *Id.* at ¶ 6, and **Exhibit A-2** (Credit Offer).

---

[1] Arbitration clauses are a subset of forum-selection clauses, which are enforced pursuant to a Rule 12(b)(3) motion to dismiss for improper venue. Courts may examine evidence outside the pleadings when considering the motion. *Amos v. Amazon Logistics, Inc.*, 2022 U.S. Dist. LEXIS 107260, *4 n.1 (M.D.N.C. June 16, 2022) (citations omitted).

3. The Credit Offer for the credit card disclosed terms and conditions applicable to the credit card, including arbitration:

> **ARBITRATION:** You agree that either you or we may, without the other's consent, require that any dispute between you and us be submitted to mandatory, binding arbitration. Complete details will be in the Agreement sent with your card.

Exhibit A-2, p. 3. Additionally, by submitting the application in response to the Credit Offer, plaintiff agreed to the following:

> If I am approved, my card(s) will be issued and I agree to pay all charges incurred in accordance with the terms and conditions of the Cardholder Agreement, Disclosure Statement and Arbitration Agreement ("Agreement"), which will be sent with my card. I understand that my Account will be subject to the terms and conditions of the Agreement, and that the Bank may change all terms and conditions of the Account upon notice to me in accordance with applicable law.

*Id.*, p. 4.

4. In response to plaintiff's application, on March 13, 2025, Credit One mailed plaintiff the credit card and enclosed in the same envelope the Card Agreement. *Id.*, ¶¶ 7-8 and **Exhibit A-3** (Card Agreement).

5. Credit One received no written communication rejecting arbitration from plaintiff as outlined in the arbitration agreement of the Card Agreement. *Id.*, ¶ 9.

6. On March 23, 2025, plaintiff activated the card. *Id.*, ¶ 10 and **Exhibit A-4**.

7. On March 25, 2025, plaintiff presented the card to Juju Durham for payment of a restaurant bill. Credit One denied the charge due to an internal fraud/risk alert. *Id.*, ¶ 11 and **Exhibit A-5** (Transaction Record).

3

8.      Plaintiff called Credit One on March 25, 2025 inquiring as to why Credit One had denied the charge.  Credit One explained that it required additional verifying information to remove the fraud/risk block.  Plaintiff refused to provide the additional information, electing instead to cancel the card.  *Id.*, ¶ 12.

9.      Credit One honored his request and cancelled the card, but per the terms of the Card Agreement, the $95 annual fee had been charged to the account.  *Id.*, ¶ 13.  A dispute arose between plaintiff and Credit One as to whether this fee had been or should have been waived per the terms of the Card Agreement and alleged representations by Credit One, ultimately leading to this lawsuit.

## QUESTION PRESENTED

Whether this matter is subject to a binding arbitration agreement.

## LAW AND ARGUMENT

The FAA reflects a "liberal federal policy favoring arbitration agreements" as a means of settling disputes.  *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505 (2018) (citation omitted).  Once a litigant establishes the existence of an arbitration agreement and one party's failure to comply, the FAA mandates that "the court shall make an order summarily directing the parties to proceed with" arbitration.  *Miller v. Log Cabin Homes, Ltd.*, 2024 U.S. Dist. LEXIS 208453, *2 (M.D.N.C. July 23, 2024) (citing 9 U.S.C.S. § 4, *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002)).

### A.      <u>Applicable Standard</u>

The FAA requires the district court decide whether the parties have formed an agreement to arbitrate.  *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th

4

Cir. 2019). "Because the issue of whether an arbitration agreement has been formed is an issue of contract law, courts apply the ordinary state-law principles that govern the formation of contracts in reviewing a challenge under § 4" of the FAA. *Miller*, 2024 U.S. Dist. LEXIS 208453, *2-3 (citing *Berkeley,* 944 F.3d at 236). Under North Carolina contract law, "the party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes." *Id.*, *3 (citing *JRM, Inc. v. HJH Cos., Inc.*, 883 S.E.2d 217, 220 (N.C. App. 2023)).

The Card Agreement provides for application of Nevada law:

**Governing Law:** This Agreement is governed and interpreted in accordance with the laws applicable to national banks, and, where no such laws apply, by the laws of the State of Nevada, excluding the conflicts of law provisions thereof, regardless of your state of residence.

Exhibit A-2, p. 8. Nevada law however is no different on this point. Arbitration is a matter of contract and the court will not force parties to arbitrate where they have not agreed to do so. *See NFL v. Gruden*, 548 P.3d 775 (Nev. 2024).

The subject arbitration agreement includes a savings or delegation clause:

[C]ontroversies or disputes about the validity, enforceability, coverage, meaning or scope of this agreement to arbitrate or any part thereof are subject to arbitration and are for the arbitrator to decide.

Exhibit A-2, pp. 6-7. If the parties agreed to delegate such threshold questions to an arbitrator, the court must enforce the delegation clause like any other arbitration provision under the FAA. *See Uber Techs., Inc. v. Royz*, 517 P.3d 905, 909 (Nev. 2022). Accordingly, the only issue for the Court to decide is whether the parties agreed to arbitrate.

B.      **Plaintiff Agreed to Arbitrate His Claims Against Credit One**

As explained above, when plaintiff applied for the credit card, he agreed to submit all disputes with Credit One to arbitration:

> **ACCEPTANCE:** The words "I," "me," "my," "you," and "your" mean the applicant. "Bank," "we," and "us" mean Credit One Bank, N.A., its successors or assigns. I certify that I am 18 years of age or older and that the information on this credit card application is accurate and given in order to obtain credit. **If I am approved, my card(s) will be issued and I agree to pay all charges incurred in accordance with the terms and conditions of the Card Agreement ("Agreement"), which will be sent with my card. I understand that my Account will be subject to the terms and conditions of the Agreement**, and that the Bank may change all terms and conditions of the Account upon notice to me in accordance with applicable law. I also acknowledge that the Account will be for personal use and cannot be used for business purposes.
>
> **ARBITRATION:** Your Card Agreement includes an arbitration provision, which restricts your opportunity to have claims related to the account heard in court or resolved by a jury, and to participate in a class action or similar proceeding. Complete details will be in the Card Agreement sent with your card.

Exhibit A-2, pp. 3-4 (emphasis added).  Plaintiff was in fact approved and Credit One sent the credit card together with the Card Agreement.  *See* Wiese Decl., ¶ 7 and Exhibit A-3.

The Card Agreement provides:

> **The Agreement**
>
> This Agreement, together with the Pricing Summary, is your contract with us.
>
> **Accepting this Agreement**: You accept this Agreement when you use the Account. You may still reject this Agreement if you have not yet used the Card, used the Account, or paid a fee after receiving a billing statement. To reject the Agreement, call us at 866-515-5721 or write us at Bank Card Center, P.O. Box 95516, Las Vegas, NV 89193-5516. If you reject the Agreement, you are not responsible for any fees or charges.

6

> **Arbitration:** This Agreement includes an Arbitration Provision with class action and jury trial waivers. You can reject the Arbitration Provision. See "How to REJECT this agreement to arbitrate" in the Arbitration section. If you do not, it will be part of this Agreement.
>
> **Promise to Pay:** You agree to pay us for all amounts due on your Account, including credit for Purchases, Balance Transfers, and Cash Advances, as well as interest charges and fees. This includes charges made by Additional Cardholders and other Authorized Users.

Exhibit A-3, p. 2. Accordingly, plaintiff received notice of the arbitration provision twice before activating and using the credit card – first, in the Credit Terms and a second time in the Card Agreement enclosed with the credit card. Credit One received no written communication rejecting arbitration from plaintiff as outlined in the Arbitration Agreement of the Card Agreement. *See* Wiese Decl., ¶ 9. Plaintiff activated the card on March 23, 2025 and, on March 25, 2025, presented it for a transaction, thereby manifesting assent to the Card Agreement. *Id.*, ¶¶ 10-11 and Exhibits A-4 and A-5. Accordingly, the Card Agreement creates a binding contract requiring plaintiff to arbitrate any and all disputes with Credit One. To the extent there is *any* issue as to the usage of the card, the effect of the cancellation, or the propriety of the $95 annual fee, such issues go to the enforcement or meaning of the arbitration agreement and are explicitly delegated to the arbitrator. The Court must defer decisions on arbitrability to the arbitrator as provided by the agreement.

## CONCLUSION

Plaintiff entered into a credit agreement with Credit One containing an enforceable broad-form arbitration clause. Accordingly, the Court should grant the motion to compel arbitration and stay this proceeding.

7

Respectfully submitted,

/s/ *Brian D. Roth*
Brian D. Roth (18415)
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Email: broth@sessions.legal

*Attorneys for Defendant,*
*Credit One Bank, N.A.*

## CERTIFICATE OF WORD COUNT

The foregoing brief contains 1,954 words.

/s/ *Brian D. Roth*
Brian D. Roth

8