# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | | |
|---|---|---|
| **Kenneth Mason,** | **)** | |
| | **)** | |
| **Plaintiff;** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 1:26-cv-00078-CCE-JLW** |
| | **)** | |
| **Credit One Bank, N.A., and** | **)** | |
| **Equifax Information Services, LLC;** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY</u>

Defendant Credit One Bank, N.A. ("Credit One") submits this memorandum in support of its Motion to Stay Discovery pending a ruling on Credit One's motion to compel arbitration. As demonstrated below, fairness and economy favor staying discovery.

## INTRODUCTION

On March 16, 2026, plaintiff counsel served Credit One with requests for admission, interrogatories, and requests for production. Counsel for Credit One was still gathering and reviewing documents and requested a thirty-day extension to May 15, 2026, which plaintiff counsel allowed. Although much of the information sought exceeded the scope of discovery likely available in arbitration, Credit One timely provided responses. Plaintiff, however, should not be permitted to obtain further discovery unless and until the Court denies arbitration. Discovery should be stayed pending that determination, as it would

undermine both the purpose of the arbitration agreement between Plaintiff and Defendant and the strong public policy favoring arbitration.

## LAW AND ARGUMENT

A court has discretion under Rule 26(c) to stay discovery pending determination of a dispositive motion. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. 2004). This Court has the "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case*." Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). In exercising this inherent power, this Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id*.

Courts have identified factors that are "relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Warner v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 230453, *4 (M.D.N.C. Mar. 18, 2019) (citing *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013)). These factors are: "(1) 'the interests of judicial economy'; (2) the 'hardship and equity to the moving party' in the absence of a stay; and (3) the 'potential prejudice to the non-moving party' in the event of a stay." *Id*. (quoting *White v. Ally Fin., Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)).

Courts in the Fourth Circuit routinely hold that judicial proceedings, including discovery, should be stayed once a court is put on notice of a motion to compel arbitration or dispositive motion. *See, e.g., Mystic Retreat Med Spa & Weight Loss Cntr., PLLC* v.

2

*Ascentium Capital, LLC*, 2022 U.S. Dist. LEXIS 207221 (M.D.N.C. Sept. 15, 2022) (granting stay of discovery pending resolution of motion to compel arbitration); *Brown v. CHM Mfg., Inc.,* 2014 U.S. Dist. LEXIS 89892 (S.D.W.V. July 2, 2014) (staying discovery and other deadlines imposed by scheduling order until ruling on motion to compel arbitration); *Williamsport Realty, LLC v. LKQ Venn-Mar, Inc.*, 2014 U.S. Dist. LEXIS 193130, *3-4 (N.D.W.V. Dec. 16, 2014) (awaiting the outcome of the motion to compel arbitration before discovery ensues will ensure that the parties proceed in the proper forum and protect the defendant's right to arbitration should the Court find in its favor).

The United States Supreme Court has made clear that the fundamental benefit of arbitration arises from its "streamlined procedures . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). It is therefore in the interest of efficiency and judicial economy to resolve this motion prior to further discovery. Any potential prejudice to plaintiff would be minimal if any at all. Plaintiff filed the complaint in January 2026 and Credit One answered on February 18, 2026. Co-defendant Equifax was not joined until March 12, 2026. The Scheduling Order, entered on March 24, 2026, set the fact discovery deadline for September 21, 2026. The trial notice, entered on May 18, 2026, set the case for the May 3, 2027 calendar term. Plaintiff has already served, and Credit One has already responded to written discovery. Accordingly, this case is still in its early stages and a temporary stay of discovery pending the resolution of Credit One's Motion to Compel Arbitration will not prejudice plaintiff. Should this Court compel arbitration, plaintiff will be able to obtain additional discovery allowable under the applicable rules of the selected arbitration forum.

3

**CONCLUSION**

For the foregoing reasons, the Court should stay any further discovery directed to Credit One pending a ruling on the Motion to Compel Arbitration.

Respectfully submitted,

/s/ *Brian D. Roth*
Brian D. Roth (18415)
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Email: broth@sessions.legal
*Attorneys for Defendant,*
*Credit One Bank, N.A.*

**CERTIFICATE OF WORD COUNT**

The foregoing brief contains 825 words.

/s/ *Brian D. Roth*
Brian D. Roth

4